IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 25-cr-144-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

**CARL HOWARD PAYNE**,

    Defendant.

---

**ORDER DENYING MOTION FOR BILL OF PARTICULARS**

---

Before the Court is Defendant Carl Howard Payne's motion for a bill of particulars ("Motion"). (ECF No. 22.) The Government filed a response. (ECF No. 24.) For the following reasons, the Motion is denied.

## I.    APPLICABLE LAW

"Federal Rule of Criminal Procedure 7(f) allows a criminal defendant to move for a bill of particulars, which is 'a formal written statement by the prosecutor providing details of the charges against the defendant.'" *United States v. Avila*, 2017 WL 1284020, at *1 (D. Colo. Apr. 6, 2017) (citing 1 Charles A. Wright et al., *Federal Practice & Procedure* § 130 (4th ed., Jan. 2017 update)).

> The purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense. A bill of particulars is not necessary if the indictment sets forth the elements of the offense charged and sufficiently apprised the defendant of the charges to enable him to prepare for trial. The defendant is not entitled to notice of all of the evidence the government intends to produce, but only the theory of the government's case.

*Id.* (quoting *United States v. Ivy*, 83 F.3d 1266, 1281 (10th Cir. 1996)) (cleaned up). The decision whether to require a bill of particulars is committed to the district court's discretion. *United States v. Levine*, 983 F.2d 165, 166 (10th Cir. 1992).

## II.   ANALYSIS

A grand jury returned an indictment charging Payne with four counts of transmitting threatening communications in violation of 18 U.S.C. § 875(c) and three counts of mailing threatening communications in violation of 18 U.S.C. § 876(c). (ECF No. 13.)

The section 875(c) charges allege as follows: "On or about March 20, 2025, in the State and District of Colorado, the defendant, CARL HOWARD PAYNE, did knowingly transmit in interstate and foreign commerce a communication, containing a threat to injure the person of another, namely members of the Cabinet of the United States and owners, drivers and occupants of Tesla vehicles . . . ." (*Id.* at 1.) Each count then specifies that Payne sent these threats to four unnamed news agencies, listing them in ascending number order (*e.g.*, "News Agency 1"). (*Id.*)

Similarly, the section 876(c) charges allege as follows: "On or about April 2, 2025, in the State and District of Colorado, the defendant, CARL HOWARD PAYNE, did knowingly deposit in a post office or authorized depository for mail matter, to be sent or delivered by the Postal Service, or knowingly caused to be delivered by the Postal Service according to the direction thereon, a communication, containing a threat to injure the person of another, namely members of the Cabinet of the United States and owners, drivers and occupants of Tesla vehicles . . . ." (*Id.* at 2.) Each count then

specifies that Payne sent these threats to three unnamed insurance companies, listing them in ascending number order (*e.g.*, "Insurance Company 1"). (*Id.*)

Payne concedes that these charges "satisf[y] the low bar set by Fed. R. Crim. P. 7(c)" but maintains that they "lack[] inclusion of material facts that are necessary for [him] to adequately prepare his defense as to each count." (ECF No. 22 at 1–2.) "Specifically," he argues, "the indictment does not allege the manner in which the threatening communications were transmitted and intentionally obfuscates who allegedly received the communications." (*Id.* at 2.) Accordingly, Payne submits that the Government must "specify the manner in which they allege the communication was sent" and identify which news agencies and insurance companies "they allege the communication was transmitted to." (*Id.*)

But Payne's contention is foreclosed by *United States* v. *Mobley*, 971 F.3d 1187 (10th Cir. 2020). There, the Tenth Circuit reviewed the sufficiency of the following charges:

> On or about April 2, 2014, and continuing through the date of the filing of this Indictment, in the District of Kansas and elsewhere, the defendant . . . removed a child from the United States and retained a child outside the United States with intent to obstruct the lawful exercise of another's parental rights, in violation of Title 18, United States Code Section 1204.
>
> Between August 27 and August 30, 2015, as part of the continuing offense in Count 1, the defendant . . . transmitted in interstate and foreign commerce a communication containing a threat to kidnap, that is, to continue to retain a child outside the United States with the intent to obstruct the lawful exercise of another's parental rights, and the defendant did so with the intent to extort from any person any money or thing of value, in violation of Title 18, United States Code Section 875(b).

3

*Id.* at 1196.  Despite the defendant's complaint that this indictment was insufficient because it failed to specify, among other things, "the means of sending the alleged threats," "the person to whom she sent the threats," and "the person whose rights she intended to obstruct," the Circuit concluded that "these argument[s] for more specificity . . . amount[] to a request for the facts that the government would rely on to support the charges."  *Id.* at 1197.  The Circuit declared that its "precedent is clear that the indictment is sufficient without such factual proof."  *Id.*

So too here.  Like the indictment in *Mobley*, the Government has provided Payne with the "date, place, and nature of the charged illegal activity."  *Id.* at 1196.  In particular, Payne knows that the charged crimes allegedly (1) took place on March 20, 2025 and April 2, 2025, (2) within the State and District of Colorado, and (3) involve threatening communications against various news agencies and insurance companies.  As a result, the indictment's generality regarding the platform on which the communications were allegedly sent and the specific recipients of those communications is of no legal consequence.  *See id.* ("That is all the law requires.").

And in any event, the Government has already supplied Payne with the details he seeks in other documents.  As just one example, the Government specified in the original complaint as follows:

> [O]n or about March 20, 2025, threatening emails were sent from betweensaltandstart@proton.me to various news media outlets across state lines.  The emails detailed a 'Declaration of War' against the 47th Presidential Cabinet of the United States and further described how Tesla owners would be murdered on April 17, 2025, and thereafter, until the death of Elon Musk.  Also on March 20, 2025, PAYNE sent the same email to ProPublica and Thomson Reuters, both in New York, from Signal user "c".  And on or about April 2, 2025, PAYNE deposited or caused to be deposited similar

4

> threatening letters for delivery by the Postal Service to several insurance companies.

(ECF No. 1 at 4 ¶ 7.)

The original complaint goes on to list several news agencies to which Payne allegedly sent the threatening communications: "Cable News Network ("CNN") at 4:26 PM (Mountain Standard Time) (MST); to KTNV-TV Channel 13 News, Las Vegas, NV at 5:56 PM (MST); to CBS KKTV News, Colorado Springs, CO at 5:56 PM (MST); and, to KUSA-TV Denver 9 News, Denver, CO at 5:56 PM (MST)." (*Id.* at 7 ¶ 17.) The complaint then later lists the insurance companies to which Payne allegedly sent the threatening communications: Nationwide Insurance; State Farm Insurance; and Geico Insurance. (*Id.* at 17–19.)

Hence, Payne cannot reasonably complain of any surprise or confusion regarding the details of the charges the Government has brought against him. *See United States* v. *Sturmoski*, 971 F.2d 452, 460 (10th Cir. 1992) ("Given the government's full disclosure and Sturmoski's failure to show that he was 'actually surprised at trial and thereby incurred prejudice to his substantial rights,' the district court acted appropriately in denying his motion and certainly did not abuse its discretion.") (citation omitted).

### III.  CONCLUSION

For the foregoing reasons, the Motion is denied. (ECF No. 22.)

Dated this 12th day of August, 2025.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge