## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Case No. 25-cr-144-WJM

UNITED STATES OF AMERICA,

Plaintiff,

v.

CARL HOWARD PAYNE,

Defendant.

---

## MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN FOR FAILURE TO STATE AN OFFENSE

---

CARL HOWARD PAYNE, through his counsel Luke W. McConnell of Weatherly McConnell, LLC, hereby respectfully moves this Court for an order pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) dismissing Counts five, six, and seven for failure to state on offense. In support, Mr. Payne states as follows:

In counts 5, 6, and 7, Mr. Payne is accused of violating 18 U.S.C. § 876(c). The indictment for each of these three counts reads as follows:

On or about April 2, 2025, in the State and District of Colorado, the defendant, CARL HOWARD PAYNE, did knowingly deposit in a post office or authorized depository for mail matter, to be sent or delivered by the Postal Service, or knowingly caused to be delivered by the Postal Service according to the direction thereon, a communication, containing a threat to injure the person of another, namely members of the Cabinet of the United

1

States and owners, drivers and occupants of Tesla vehicles, addressed to

Insurance Company 1.

Doc. No. 13 at p. 2-3.

The only difference between the counts is the naming of a different unspecified

insurance company. In all three counts it is alleged that Mr. Payne sent a threatening

communication through the mail which was addressed to an "Insurance Company."

18 U.S.C. § 876(c) only criminalizes threatening communications that are

addressed to a natural person. Because an insurance company is not a natural person,

counts 5, 6, and 7 fail to state an offense and must be dismissed. 18 U.S.C. § 876(c)

states:

"Whoever knowingly so deposits or causes to be delivered [in any post

office or authorized depository for mail matter, to be sent or delivered by the

Postal Service or knowingly causes to be delivered by the Postal Service

according to the direction thereon], any communication with or without a

name or designating mark subscribed thereto, addressed to any other

person and containing any threat to kidnap any person or any threat to injure

the person of the addressee or of another, shall be fined under this title or

imprisoned not more than five years or both."

"Person" is not defined in the statute. In interpreting what "person" means in the phrase

"addressed to any other person," courts have held that it means a natural person (i.e. a

human being and not a corporation). The Tenth Circuit has held that the primary purpose

of § 876(c) "is to proscribe the use of the United States Postal Service to mail to a person

2

a threat to injure that person or another person." *United States v. Williams*, 376 F.3d 1048, 1053 (10th Cir. 2004). This purpose involves protecting the recipient's sense of personal safety. *Id.* Thus, a "person" must be "capable of having a sense of personal safety." *Id.* "The recipient's sense of personal safety is simply not implicated when the recipient is an entity" like a corporation. *United States v. Havelock*, 664 F.3d 1284, 1292 (9th Cir. 2012). In *Williams*, the court analyzed whether addressing a threatening communication to a government official, without necessarily using their proper name, is sufficient for purposes of § 876(c). The *Williams* court reasoned that even if a communication is addressed to a government official by their title, such as a U.S. Attorney, this is still a reference to a natural person who can have a sense of personal safety. *Id.*

In *United States v. Havelock, supra*, the Ninth Circuit conducted a thorough analysis of the meaning of "person" in § 876(c). The *Havelock* court concluded that "[t]he Congress's definition of the activity prohibited under § 876(c) compels the conclusion that 'person' refers exclusively to natural persons throughout that subsection." 664 F.3d at 1292. *See also United States v. Bachmeier*, 8 F.4th 1059, 1063 (9th Cir. 2021) ("The term 'person' means a 'natural person,' not a non-natural entity."). The reasoning in *Williams*, which treats "person" as a natural person in its analysis, is consistent with the more in-depth analysis in *Havelock* and the notion that a corporation cannot have a sense of personal safety. In *Havelock*, the Ninth Circuit reversed the defendant's convictions because it found the communications were addressed to newspapers and websites that were not natural persons. *Id.* at 1296.

In this case, Counts 5, 6, and 7 allege that Mr. Payne sent threatening communications addressed to three different unnamed insurance companies. Insurance companies are not natural persons. Therefore, the indictment fails to state a cognizable criminal offense in Counts 5, 6, and 7.

Respectfully submitted this 10th day of December, 2025.

s/ Luke W. McConnell
**Luke W. McConnell, #40414**
Weatherly McConnell, LLC
1775 Sherman Street, Suite 1650
Denver, CO 80203
(303) 468-5989
luke@weatherlymcconnell.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of December, 2025, a true and correct copy of the foregoing **MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN** was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification to the following email addresses:

Jasand P. Mock
Dustin T. Andre-Vandenberg
Assistant U.S. Attorneys
1801 California St., Suite 1600
Denver, CO 80202
Tel: (303) 454-0100
Fax: (303) 454-0404
Jasand.mock@usdoj.gov
Dustin.Andre-Vandenberg@usdoj.gov

Attorneys for Government


/s/ Luke W. McConnell
Luke W. McConnell