IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 25-cr-00144-WJM

UNITED STATES OF AMERICA,

 Plaintiff,

v.

CARL HOWARD PAYNE,

 Defendant.

---

### THE UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO DISMISS COUNTS 5, 6, AND 7

---

 Counts 5, 6, and 7 of the indictment charge Carl Payne with violations of 18 U.S.C. § 876(c) for sending letters to the legal departments of three insurance companies in which he threatened members of the Cabinet of the United States and owners, drivers and occupants of Tesla vehicles.  ECF No. 13 at 3-4.  In those letters, Mr. Payne "declared war on the 47th Presidential Cabinet," and threatened that:  "On Thursday, 17 April 2025, We will begin killing war financiers, specifically owners, drivers, and occupants of Tesla Swasticars.  Terminations will take place at their homes, on the road, while shopping, or at Nazi charging stations."

 Mr. Payne now seeks to have these counts dismissed because he sent the threatening letters to insurance companies and not to a "natural person."  The Court should deny Mr. Payne's motion to dismiss.  As the Fourth Circuit has explained, "the person or entity to whom the threatening communication is addressed is not an essential element of a § 876(c) offense" and "[t]he phrase 'addressed to any *other*

person' in § 876(c) simply means that an accused does not violate that provision by mailing a threatening letter addressed to himself." *United States* v. *Rendelman*, 641 F.3d 36, 46 (4th Cir. 2011).[1]

The Ninth Circuit has reached a different conclusion, holding in *United States* v. *Havelock*, 664 F.3d 1284, 1296 (9th Cir. 2012), that "[t]he term 'person' as used in § 876(c) refers exclusively to natural persons."  But the Court should not follow the Ninth Circuit's approach because it is inconsistent with the Tenth Circuit's subsequent *en banc* instruction to apply the Dictionary Act definition of "person" when a statute contains no special definition of its own.  *Hobby Lobby Stores, Inc.* v. *Sebelius*, 723 F.3d 1114, 1129 (10th Cir. 2013), *aff'd sub nom*, *Burwell* v. *Hobby Lobby Stores Inc.*, 573 U.S. 682, 707-08 (2014) (applying Dictionary Act definition of "person" to hold that corporations are covered "persons" under the Religious Freedom Restoration Act).

The meaning of the word "person" is defined by Congress in the Dictionary Act, 1 U.S.C. § 1, to include corporations and companies unless the context indicates otherwise.  The context in which "person" appears in the mailing clause of 18 U.S.C.

---

[1] *Rendelman* has been partially abrogated on other grounds concerning constructive amendment of indictments.  In *Rendelman,* the panel said that constructive amendment is always "error per se and must be corrected on appeal."  *Id*. at 43.  The Fourth Circuit has since held that constructive amendment can be subject to the less stringent plain error review when the defendant failed to object at trial.  *See United States* v. *Banks*, 29 F.4th 168, 176-78 (4th Cir. 2022).  Mr. Rendelman has also recently been granted post-conviction relief on grounds of an erroneous jury instruction and preclusion of his state of mind defense in light of the retroactive application of a new rule of constitutional law regarding scienter announced by the Supreme Court in *Counterman* v. *Colorado*, 600 U.S. 66 (2023).  *See United States* v. *Rendelman*, 07-cr-00331, 2025 WL 3123994 (D. Md. Nov. 7, 2025).  Neither of these subsequent events concern the Fourth Circuit's holding on the meaning of "addressed to any other person" in 18 U.S.C. § 876(c).

§ 876(c)—the phrase "addressed to any other person"—does not indicate a deviation from the generally applicable meaning including corporations and companies. A letter can be addressed to a business as well as to an individual.

### Argument

Section 876(c) provides that "[w]hoever knowingly so deposits or causes to be delivered as aforesaid,[2] any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years, or both."

Mr. Payne's only challenge to the indictment is his contention that "addressed to any other person" in section 876(c) means only those letters "addressed to a natural person." ECF No. 37 at 2.

But the indictment is sufficient because the phrase "addressed to any other person" is not an essential element of 18 U.S.C. § 876(c), the meaning of "addressed to any other person" is not limited to natural persons, and because even if it is both essential and limited to natural persons, the letters Mr. Payne sent were directed to the attention of the human beings in the legal departments of each of the three insurance companies.

---

[2] "[A]s aforesaid" in section 876(c) refers to section 876(a): "knowingly deposits in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon…." 18 U.S.C. § 876(a).

### 1. The phrase "addressed to any other person" is not an essential element of 18 U.S.C. § 876(c).

"An indictment 'need only meet minimal constitutional standards': It must 'set forth the elements of the offense charged, put the defendant on fair notice of the charges against which he must defend, and enable the defendant to assert a double jeopardy defense.'" *United States* v. *Garcia-Limon*, 146 F.4th 885, 894 (10th Cir. 2025) (quoting *United States* v. *Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997) (cleaned up)).

As the Fourth Circuit has explained, "A violation of § 876(c) requires three elements: first, that the accused caused a communication to be delivered by the Postal Service, addressed to any other person (the 'Mailing Element'); second, that the communication contained a threat to injure the person of the addressee or another (the 'Threat Element'); and, third, that the defendant knowingly mailed the threatening communication (the 'Mens Rea Element')." *Rendelman*, 641 F.3d at 44 (rejecting defendant's challenge to the sufficiency of the indictment).[3]

---

[3] *See also*, *United States* v. *Curtin*, 78 F.4th 1299, 1305 (11th Cir. 2023) ("To obtain a conviction under 18 U.S.C. § 876(c), the government must prove beyond a reasonable doubt that the defendant (1) knowingly sent a message through the mail, (2) knew that the mailing contained a 'true threat,' and (3) intended (or at least knew) that the statement would be viewed as a threat."); Eleventh Circuit Judicial Council Criminal Pattern Jury Instruction O31.3 Mailing Threatening Communications 18 U.S.C. § 876(c), ("The Defendant can be found guilty of this crime only if the following facts are proved beyond a reasonable doubt: (1) the Defendant knowingly used the United States mail to send a true threat to [kidnap any person] [injure the person of another]; and (2) the Defendant sent the message with the intent to communicate a true threat or with the knowledge that it would be viewed as a true threat." (brackets in original)), available at https://www.ca11.uscourts.gov/sites/default/files/courtdocs/clk/FormCriminalPatternJuryInstructionsRevisedSEP2025.pdf.

The allegations against Mr. Payne satisfy all three elements. Count 5 of the indictment alleges that: "On or about April 2, 2025, in the State and District of Colorado, the defendant, CARL HOWARD PAYNE, did *knowingly deposit in a post office or authorized depository for mail matter*, to be sent or delivered by the Postal Service, or knowingly caused to be delivered by the Postal Service according to the direction thereon, *a communication, containing a threat to injure the person of another*, namely members of the Cabinet of the United States and owners, drivers and occupants of Tesla vehicles, addressed to Insurance Company 1." ECF No. 13 at 2-3 (emphasis added). Counts 6 and 7 are the same, except that they refer to Insurance Company 2 and Insurance Company 3 respectively. *See* ECF No. 13 at 3.

The Indictment need go no further than that. As the Fourth Circuit explained: "[T]he person or entity to whom the threatening communication is addressed is not an essential element of a § 876(c) offense. Section 876(c) merely requires proof that the accused knowingly mailed the threatening communication, not that he also intended to threaten the person of the recipient thereof." *Rendelman*, 641 F.3d at 46.

The Fourth Circuit's conclusion that the addressee is not an essential element of section 876(c) makes sense. For a violation of section 876(c), a threatening letter does not even need to be delivered. Section 876(c) sanctions "[w]hoever knowingly so deposits" a threatening letter "in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service…." 18 U.S.C. § 876(c) (incorporating § 876(a)). "It does not matter whether the communication is actually delivered." *United States* v. *Zavrel*, 384 F.3d 130, 133 (3d Cir. 2004). Since it does not matter whether a

threatening letter was even delivered, the addressee is not an essential element of the violation.

### 2. The phrase "addressed to any other person" is not limited to letters addressed to natural persons.

Even if the intended recipient of the threatening letters is an essential element of section 876(c), the indictment of Mr. Payne is still sufficient. Each of the mail threat counts alleged that the threatening letters were addressed to insurance companies. *See* ECF No. 13 at 2-3.

Mr. Payne contends that "addressed to any other person" in 18 U.S.C. § 876(c) means only those letters "addressed to a natural person." ECF No. 37 at 2. But section 876(c) is not so limited.

The Dictionary Act, 1 U.S.C. § 1, provides that "[i]n determining the meaning of any Act of Congress, unless the context indicates otherwise … the words 'person' and 'whoever' include corporations, companies, associations, firms, partnerships, societies and joint stock companies, as well as individuals…." There is nothing about the context "addressed to any other person" in the mailing element of section 876(c) that indicates "person" would not include corporations and companies in accordance with Congress' statutory definition of "person" in the Dictionary Act. Although the context in which "person" appears in later phrases of the threat element of section 876(c), such as threats to "kidnap any person" and "to injure the person," indicate that in *those* phrases "person" does not include entities, the phrase "addressed to any other person" is different for a common-sense reason: One cannot kidnap a corporation, but one can address a letter to a corporation.

That "person" would have the broad Dictionary Act definition for the mailing element and a narrower definition for the threat element makes sense in the overall design of 18 U.S.C. § 876(c). The statute makes clear that the threat need not be directed at the recipient of the letter; a threat to "kidnap *any person*" or "any threat to injure the person of the addressee *or of another*" suffices. 18 U.S.C. § 876(c) (emphasis added). A threatening letter does not even need to be delivered, merely depositing a threatening letter in "any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service" completes the offense. *See supra* p. 5.

Since it does not matter whether the letter was even delivered, whether the addressee is a corporate entity or an individual human being does not matter either. As the Fourth Circuit has explained: "The phrase 'addressed to any *other* person' in § 876(c) simply means that an accused does not violate that provision by mailing a threatening letter addressed to himself." *Rendelman*, 641 F.3d at 46. Thus, in *Rendleman*, the Fourth Circuit rejected the defendant's contention that the addressee needed to be a "living person," *id.* at 48, and concluded that letters addressed to the "Marshals Service" containing threats to injure officers and employees of the United States violated section 876(c).

In *United States* v. *Williams*, 376 F.3d 1048, 1053 (10th Cir. 2004), the Tenth Circuit held that "a government official is a 'person' within the meaning of § 876 because communications addressed to a specific government official are clearly targeted at the natural person who holds that office at the time, regardless of whether

7

the communication also mentions that individual's proper name." But nothing about that decision forecloses liability under § 876(c) for letters addressed to corporate entities.

*First*, the Tenth Circuit in *Williams* was not confronted with the question of whether or not a letter addressed to a corporation violated section 876(c). At issue in *Williams* were letters addressed to the "U.S. Attorney's Offices," and whether those letters could be understood as addressed to the U.S. Attorney. *See Williams*, 376 F.3d at 1051 n.2. The court found that "Section 876 is ambiguous with respect to who qualifies as a 'person' because it does not define the word 'person,'" *id.* at 1053, but did not turn to the Dictionary Act for help, perhaps because as an agency of the Federal Government, U.S. Attorney's Office is not within the Dictionary Act definition of "person."[4]

Since *Williams*, the Tenth Circuit sitting *en banc* has made clear that when a statute "contains no special definition of 'person' … our first resource in determining what Congress meant by person … is the Dictionary Act." *Hobby Lobby Stores, Inc.* v. *Sebelius*, 723 F.3d 1114, 1129 (10th Cir. 2013), *aff'd sub nom*, *Burwell* v. *Hobby Lobby Stores Inc.*, 573 U.S. 682, 707-08 (2014) (applying Dictionary Act definition of "person" to hold that corporations are covered "persons" under the Religious Freedom Restoration Act). Thus, under the Tenth Circuit's more recent *en banc* decision in *Sebelius*, the analysis begins with the Dictionary Act, and, as in *Sebelius*, the court

---

[4] Government agencies are not among the entities covered by the definition of "person" in 1 U.S.C. § 1, and there is a "longstanding interpretive presumption" against including the Federal Government in the definition of "person." *See Return Mail, Inc. v. USPS*, 587 U.S. 618, 626-27 (2019).

"could end the matter here since the plain language of the text encompasses 'corporations….'" *Sebelius*, 723 F.3d at 1129.

*Second*, the court in *Williams* did not hold that 876(c) is limited to letters addressed to "natural persons." The court was deciding the much different question of whether a government official, identified by title but not by personal name, was a "person" within the meaning of section 876. *See Williams*, 376 F.3d at 1052-53. The court refused to adopt a narrow interpretation of the word "person," and instead held "that a government official is a person within the meaning of § 876." *Id*. at 1053. The court reasoned that "the 'person' to whom the communication is addressed, *or who is threatened by the communication*, must be capable of having a sense of personal safety," and that "[a] government official, being a natural person, has such a sense of personal safety that can be threatened by the proscribed communication." *Id*. (emphasis added). The court's disjunctive rationale does not foreclose liability for threatening letters addressed to entities. To the contrary, it supports the idea that letters threatening persons "capable of having a sense of personal safety" fall within the statute's scope regardless of the addressee. The Cabinet members Mr. Payne threatened, and the "Tesla owners, drivers and occupants" whom Mr. Payne threatened "at their homes," are natural persons capable of having a sense of personal safety.

*Third*, the Tenth Circuit also explained in *Williams* that it reached its conclusion that a government official, addressed by title but not by personal name, was a "person," in part to avoid "an anomalous result" that if it were to adopt "a narrow interpretation, one could avoid prosecution under § 876 merely by using a person's official title as

9

opposed to her proper name in addressing a threatening letter." *Id*. at 1053. Adopting Mr. Payne's proposed narrow interpretation of "person" in the phrase "addressed to any other person" to exclude letters addressed to corporate entities would likewise create anomalous results. For example, a letter addressed to XYZ corporation threatening to kill its CEO would avoid prosecution, even if opened and read by human beings working for XYZ corporation. But the same letter, addressed to a private individual who had no connection to the XYZ corporation or its CEO, would violate the statute, even if the private individual threw the letter away or if the letter was never delivered at all.

There is no need for such a strained and anomalous reading of "addressed to any other person" in 876(c). The Tenth Circuit's *en banc* instruction to apply the Dictionary Act to define "person" when the underlying statute contains no special definition of person, *see Sebelius*, 723 F.3d at 1129, resolves the question of what "person" means in the context of "addressed to any other person" in a sensible way.

The Ninth Circuit has held otherwise. In a fractured *en banc* decision, the Ninth Circuit held that "[t]he term 'person' as used in § 876(c) refers exclusively to natural persons." *United States* v. *Havelock*, 664 F.3d 1284, 1296 (9th Cir. 2012). But the court should not follow the Ninth Circuit's holding, as it is inconsistent with the Tenth Circuit's instruction and application of the Dictionary Act in *Sebelius*, and because the majority in *Havelock* misapplied a mere cannon of construction to trump Congress' statutory definition of "person" in the Dictionary Act. *See Haverlock*, 664 F.3d at 1297-1301 (Smith, J., concurring in the result, but disagreeing with the majority's analysis of the meaning of "addressed to any other person").

10

The majority in *Havelock* reasoned that the interpretive canon of uniformity—a presumption that a term means the same thing every time it is used—compelled the court to find that "person" means only a natural person every time it appears throughout section 876 because in some instances section 876 refers to threats to "injure the person," "kidnap any person," or harm the "reputation of a deceased person," and only natural persons can be injured, kidnapped, or deceased.  *See id.* at 1291.

The *Havelock* majority recognized that the Dictionary Act definition would apply "unless the context otherwise indicates."  *Id*. at 1289.  But the court found the contextual exception to the Dictionary Act definition applied to the phrases "release of any kidnapped person," "any threat to kidnap any person or any threat to injure the person of the address or of another" and "deceased person," because "[i]t simply makes no sense to threaten to kidnap a corporation, or injure 'the person' of a corporation, or talk about a deceased corporation."  *Id*. at 1291.  In the majority's view, "[t]hese associations clearly require that 'person' mean a *natural* person."  *Id.* (emphasis in original).

However, the *Havelock* majority provided no explanation why the phrase "addressed to any other person" would itself "require that 'person' mean a natural person."  Instead, the court incorrectly used the canon of uniformity in a way that allowed the contextual exception for particular phrases such as "kidnapped person" to swallow the rule and displace the Dictionary Act meaning of "person" in all contexts, including "addressed to any other person."  *See id.* at 1300 (Smith, J., concurring in the result, but explaining that "the majority's conclusion appears to rest on faulty statutory interpretation").

11

The Supreme Court has instructed that the canon of uniformity, sometimes referred to as the presumption of consistent usage, "yields readily to indications that the same phrase used in different parts of the same statute means different things, particularly where the phrase is one that speakers can easily use in different ways without risk of confusion."  *Barber* v. *Thomas*, 560 U.S. 474, 484 (2010).

Consistent with the Supreme Court's guidance in *Barber*, the term "person" in section 876(c) is one that can easily be used differently in different phrases without confusion.  In phrases such as "kidnap any person" it obviously and only means a natural person; in phrases such as "addressed to any other person" it accepts the broader Dictionary Act definition without difficulty or risk of confusion.  *See Havelock*, 664 F.3d at 1300 (Smith, J., concurring) ("The context of each use of 'person' in 876 indicates that the statute instead alternates between two commonly understood meanings:  the Dictionary Act definition and a natural person definition.").[5]

---

[5] The *Havelock* majority's reliance on the text of 18 U.S.C. § 875 to interpret § 876(c) is unconvincing.  The majority notes that some subsections of section 875 refer to interstate communications with the "intent to extort from any person, firm, association, or corporation" and from this reasons that the Congressional choice to use "person, firm, association or corporation" in section 875 dealing with extortion implies that "person" throughout section 876 must refer only to natural persons.  *Havelock*, 664 F.3d 1292.  But as the court also noted, section 875 and 876 were not enacted at the same time—the predecessor to section 876 was enacted two years before the predecessor to section 875.  *See id*.; *see also id.* at 1301 (Smith, J.,, concurring).  And there is reason for the statutes to be crafted differently:  Section 876 concerns mail through the U.S. Postal Service, which is necessarily addressed to a recipient.  Section 875 concerns interstate communications, which need not be addressed to any particular recipient, for example, radio broadcasts or Facebook posts.  *See e.g.*, *United States* v. *Wheeler*, 776 F.3d 736, 739, 744-45 (10th Cir. 2015) (finding that Facebook posts to "religious followers" can be true threats, even if there is "no evidence in the record at all from which anyone can reasonably conclude that such individuals ever existed," but remanding due to improper instruction on scienter).

12

Therefore, the Court should follow the Tenth Circuit's *en banc* instruction in *Sebelius* to apply the Dictionary Act to define "person" when the underlying statute contains no special definition of person. *See Sebelius*, 723 F.3d at 1129. Here, the phrase "addressed to any other person" would naturally use the Dictionary Act definition, as letters are routinely addressed to corporations as well as individuals. Furthermore, this common-sense interpretation avoids creating the "anomalous result" the Tenth Circuit warned of in *Williams*, where one could avoid prosecution under § 876 merely by using a corporate addressee as opposed to a natural person in addressing a threatening letter that threatens a natural person. *See supra* p. 9-10.

### 3. Mr. Payne addressed the letters to human beings at the insurance companies.

Even if the Court agrees with Mr. Payne that "addressed to any other person" is both an essential element of section 876(c) and limited exclusively to letters addressed to natural persons, Mr. Payne's threatening letter still violated the statute. Both the Tenth Circuit in *Williams* and the Ninth Circuit in *Havelock* instructed that courts should look to both the envelope and the content of the letter when determining to whom a letter is addressed. *See Williams*, 376 F.3d at 1052 ("This court holds that one can look, at a minimum, to both the envelope and the salutation of a letter in determining whether the letter is 'addressed to any other person' within the meaning of § 876."); *Havelock*, 664 F.3d at 1295 (agreeing that "a court may consult the contents of a communication to determine to whom it is addressed.").

In the header of all three of his letters to insurance companies, Mr. Payne addressed the letters to the "ATTN: Legal Department." Thus, the letters were

13

"addressed" to the human beings in the legal departments of each of the insurance companies and the charges are therefore valid.

## Conclusion

Section 876(c) proscribes sending threatening letters through the U.S. Postal Service. The phrase "addressed to any other person" in section 876(c) is not an essential element of the statute, but even if it is, "addressed to any other person" includes letters addressed to corporations and companies under the meaning of "person" set forth by Congress in the Dictionary Act, 1 U.S.C. § 1. The indictment of Mr. Payne for sending letters to insurance companies in which he threatened to kill members of the Cabinet and owners, drivers and occupants of Tesla vehicles therefore states an offense under 18 U.S.C. § 876(c).

Dated this 26th day of December, 2025.

PETER MCNEILLY
United States Attorney

s/ Jasand Mock
***Jasand Mock***
Dustin André-Vandenberg
Assistant United States Attorneys
United States Attorney's Office
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0403
E-mail:  jasand.mock@usdoj.gov
         dustin.andre-vandenberg@usdoj.gov
Attorneys for the United States

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

                                                                        s/ Jasand Mock
                                                                         ***Jasand Mock***
                                                                         Assistant United States Attorney
                                                                         United States Attorney's Office
                                                                         1801 California Street, Suite 1600
                                                                         Denver, Colorado 80202
                                                                         Telephone: (303) 454-0100
                                                                         Fax: (303) 454-0403
                                                                         E-mail: jasand.mock@usdoj.gov
                                                                         Attorney for the United States