IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 25-cr-144-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL HOWARD PAYNE,

    Defendant.

___

**PLAINTIFF'S <u>REPLY</u> IN SUPPORT OF HIS MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN FOR FAILURE TO STATE AN OFFENSE**
___

    Defendant CARL HOWARD PAYNE, through his counsel Luke W. McConnell of Weatherly McConnell, LLC, respectfully submits this Reply in support of his Motion pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) for an Order dismissing Counts five, six, and seven for failure to state on offense. In support, Mr. Payne states as follows:

## INTRODUCTION

    Counts 5, 6, and 7 of the indictment allege three separate violations of 18 U.S.C. § 876(c) related to letters addressed to unnamed insurance companies and containing threats to injure people. (Doc. No. 13, p. 2-3.) However, because 18 U.S.C. § 876(c) requires that the threatening communication be addressed to a natural person, the indictment here fails to state an offense because it alleges only that the letters were addressed to insurance companies which are not natural persons. Thus, Mr. Payne filed

a motion pursuant to Fed. R. Crim. P. 12(b)(3)(B)(v) for dismissal of Counts 5, 6, and 7 ("Motion"). (Doc. No. 37.)

In their Response, Doc. No. 42, the government makes three arguments:

First, the government argues that the phrase "addressed to any other person" in 18 U.S.C. § 876(c) is not an essential element of the offense. Therefore, in the government's view a challenge to the indictment based on this language is invalid because the indictment need only include the essential elements of an offense.

Second, the government asserts that the definition of "person" contained in the Dictionary Act, 1 U.S.C. § 1, applies to the phrase "addressed to any other person" in 18 U.S.C. § 876(c). Thus, according to the government, because the Dictionary Act definition of person includes corporations, the indictment is not deficient.

Third, as a fall back, the government argues that the indictment is sufficient because the letters were sent to the legal departments of the insurance companies, which means the letters were addressed to the natural persons who probably work in the legal department. However, not only is sending a letter "Attn: Legal Department" insufficient for purposes of § 876(c), the *indictment* only alleges that the letters were addressed to insurance companies and says nothing about being addressed to the legal department.

Because it is an essential element of § 876(c) that the offending communication be addressed to a natural person, and the indictment here does not satisfy this requirement, the indictment fails to state an offense.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables

2

the defendant to assert a double jeopardy defense." *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)). A challenge to an indictment is not a challenge to the government's evidence. "An indictment should be tested solely on the basis of the allegations made on its face, and such allegations are taken as true." *United States v. Hall*, 20 F.3d 1084, 1087 (10th Cir. 1994) (citation omitted). Therefore, a court should avoid considering evidence outside of the indictment when determining the indictment's legal sufficiency. *Id.*; *Todd*, 446 F.3d at 1067.

## ARGUMENT

### A. A Communication Must Be "Addressed To Any Other Person" To Violate 18 U.S.C. § 876(c).

It is an essential element of § 876(c) that the communication be "addressed to any other person." First, courts in the Tenth Circuit treat "addressed to any other person" as an essential element of § 876(c). In *Williams*, the main Tenth Circuit precedent for interpreting § 876(c), the court treats this part of § 876(c) as an element of the offense throughout the opinion. *See United States v. Williams*, 376 F.3d 1048, 1051-1053 (10th Cir. 2004) (discussing this phrase as an element of the offense). The government offers no argument as to why this Court should not follow *Williams* in this regard. The Ninth Circuit also considers this phrase an element of § 876(c). *See* Ninth Cir. Model Criminal Jury Instruction 8.14[1]. Additionally, other courts in this District as well as this same U.S. Attorney's Office have previously interpreted § 876(c) as including this phrase as an

---

[1] Available here: https://www.ce9.uscourts.gov/jury-instructions/node/932.

3

essential element. *See* Exhibit A, Jury Instructions, Doc. No. 342 at pp. 13-14, Case No. 13-cr-76-RBJ (Dist. Colo.); Exhibit B, Government's Proposed Jury Instructions, Doc. No. 314 at pp. 1, 20-24, Case No. 13-cr-76-RBJ (Dist. Colo.).

Second, a plain reading of § 876(c) clearly indicates that the government must prove that the communication was "addressed to any other person." 18 U.S.C. § 876(c) states:

> "Whoever knowingly so deposits or causes to be delivered [in any post office or authorized depository for mail matter, to be sent or delivered by the Postal Service or knowingly causes to be delivered by the Postal Service according to the direction thereon], any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years or both."

There is no punctuation or grammar to indicate that the words "addressed to any other person" are superfluous and not an essential element of the crime. Furthermore, in order for this statute to be implicated, it is necessary for the communication to have delivery instructions when deposited or mailed. The statute requires that a defendant "knowingly so *deposits or causes to be delivered* in any post office or authorized depository for mail matter, *to be sent or delivered by the Postal Service* or *knowingly causes to be delivered* by the Postal Service *according to the direction thereon*" a qualifying communication. 18 U.S.C. § 876(a), (c) (emphasis added). For any of this to happen, the communication placed in the mail must have an address (i.e. delivery instructions) of some kind. Whether or not the communication is delivered does not impact this requirement; thus, the government is incorrect to assert that because delivery is not required the "addressed to

any other person" phrase is not an essential element. If the government were correct, any piece of paper dropped into a mailbox would suffice for this statute, which is clearly incorrect. The item dropped into the mail must have delivery instructions. Whether or not those delivery instructions are accurate or the communication is delivered is irrelevant.

While it is true, as the government points out, that the Eleventh Circuit does not include this phrase in its jury instructions, the Court should not follow this approach because it is contrary to *Williams*, the plain language of the statute, and other prior cases from this District.

The government cites to the Fourth Circuit decision *United States v. Rendelman* for the proposition that "the person or entity to whom the threatening communication is addressed is not an essential element of a § 876(c) offense." 641 F.3d 36, 46 (4th Cir. 2011). The Court should decline to follow *Rendelman* for several reasons. In addition to it's tortured procedural posture, which at this stage significantly reduces its persuasiveness, the *Rendelman* decision is internally inconsistent with regard to whether the "addressed to any other person" language in § 876(c) is an essential element.

First, prior to declaring that the person or entity to whom the communication is addressed is not an essential element, the court in *Rendelman* states that the first element of § 876(c) is "that the accused caused a communication to be delivered by the Postal Service, **addressed to any other person** (the 'Mailing Element')." *Id*. at 44 (emphasis added). This recitation of the first element undermines the claim that "addressed to any other person" is not an essential element of § 876(c). Furthermore, the *Rendelman* court

5

asserts that the mail must be delivered, which is a clear misreading of the statute that undermines the analysis in this opinion overall.

Second, if "addressed to any other person" is not an essential element, then why does the *Rendelman* court spend time discussing how a letter addressed to the Marshals Service "can reasonably be understood as addressed to the United States Marshal himself—a natural person." *Id.* at 45-46.[2] And just because the letter needs to be addressed to someone other than the defendant, that doesn't mean it's not an essential element—all this means is that a defendant who mails a letter to himself cannot be held criminally liable.

### B. The Dictionary Act Definition Of Person Does Not Apply To 18 U.S.C. § 876(c).

The government contends that because the word "person" is not defined in 18 U.S.C. § 876(c), the definition of person in the Dictionary Act, 1 U.S.C. § 1, applies. According to the government, since the definition of person in 1 U.S.C. § 1 includes corporations, the indictment is sufficient for alleging that the threatening communications were addressed to insurance companies. However, because the context of the language in 18 U.S.C. § 876(c) indicates a meaning different from the Dictionary Act, the Dictionary Act does not apply and the meaning of "person" within the phrase "addressed to any other person" means a natural person and does not include corporations.

---

[2] As discussed below, the *Rendelman* court seems to agree that the word "person" within the phrase "addressed to any other person" means a natural person. The government offers no argument as to why this Court should follow *Rendelman* to hold that "addressed to any other person" is not an essential element, but reject *Rendelman* on the definition of person within that same phrase.

There is no dispute that the definition of person in 1 U.S.C. § 1 includes corporations. Thus, it follows that if the expanded Dictionary Act definition of person applies to the phrase "addressed to any other person" in 18 U.S.C. § 876(c), the indictment is sufficient. However, the Dictionary Act definitions do not apply if "the context indicates otherwise." 1 U.S.C. § 1; *Hobby Lobby Stores Inc. v. Sebelius*, 723 F.3d 1114, 1129-1130 (10th Cir. 2013). Context here "means the text of the Act of Congress surrounding the word at issue, or the text of other related congressional Acts." *Sebelius*, 723 F.3d at 1130 (quoting *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 199 (1993)). The *Rowland* court further elaborated that the use of the word "context" in 1 U.S.C. § 1 "is simply an instance of the word's ordinary meaning: the part or parts of a discourse preceding or following a text or passage or a word, or so intimately associated with it as to throw light upon its meaning." *Rowland*, 506 U.S. at 199 (citation and internal quotes omitted). Congressional intent is not examined to determine context. *Id.* And, the use of the word "indicates" suggests "less of a burden than…'requires' or 'necessitates,'" such that the context must only indicate a different definition not demand it. *Id.*

Before going further, let's look again at the pertinent text of 18 U.S.C. § 876(c):

> "Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication with or without a name or designating mark subscribed thereto, addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another, shall be fined under this title or imprisoned not more than five years or both."

First, it must be observed that this is one complete sentence. The government's contention is that the word person has two different meanings within the very same sentence. However, the Supreme Court has long recognized that "there is a presumption

that a given term is used to mean the same thing throughout a statute, a presumption surely at its most vigorous when a term is repeated within a given sentence." *Brown v. Gardner*, 513 U.S. 115, 118 (1994) (citing *Atlantic Cleaners & Dryers, Inc. v. United States*, 286 U.S. 427, 433 (1932)). While the presumption of uniformity isn't absolute, it only "gives way when 'there is strong evidence that Congress did not intend the language to be used uniformly.'" *United States v. Havelock*, 664 F.3d 1284, 1291 (9th Cir. 2012) (citing *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 261 (2005) (O'Connor, J., concurring in judgment)). There is no evidence at all that Congress intended for two different meanings of "person" within § 876(c). As the government concedes, each other use of the word "person" in the relevant portion of § 876(c) clearly means a natural person. Furthermore, § 876(c) "not only requires that the mail be 'addressed to any other person,' but that the offending communication contain 'a threat to *injure the person of the addressee* or of another.'" *Id.* (quoting § 876(c)) (emphasis in original). This is a clear indication that "person" means natural person throughout § 876(c).

As prescribed by *Rowland*, a court can also look to the text of other related statutes for help in ascertaining whether the Dictionary Act applies. In *Havelock*, the court did just that and examined the related 18 U.S.C. § 875, which differentiates between persons and corporations with specific language. *See Id.* at 1292; *see also* 18 U.S.C. § 875. This demonstrates that when Congress intends to include corporations they do so explicitly and separately from references to persons.

This interpretation of "person" within § 876(c) is consistent with the way the *Williams* and *Rendelman* courts analyzed this statute. Although the precise issue at bar

8

in *Williams* is slightly different, it is clear that the *Williams* court interpreted the phrase "addressed to any other person" as being directed at a natural person. *Williams*, 376 F.3d at 1053 (holding that the purpose of § 876 "informs us that the 'person' *to whom the communication is addressed*, or who is threatened by the communication, must be capable of having a sense of personal safety.") (emphasis added). Furthermore, contrary to the way the government represents the decision, the *Rendelman* court also interpreted the "addressed to any other person" portion of § 876(c) as meaning a natural person. *Rendelman*, 641 F.3d at 46 (holding that a letter addressed to the Marshals Service is sufficient because this can "reasonably be understood as addressed to the United States Marshal himself—a natural person."). In any event, the government cites to no case which holds affirmatively that the Dictionary Act definition of person applies to the phrase "addressed to any other person" in 18 U.S.C. § 876(c).

While it is true that addressing an offending communication to a non-natural entity escapes liability under § 876(c), this is not an absurd result as the government argues. It's merely not conduct that Congress set out to proscribe. This is bolstered by the fact that the "primary purpose" of § 876(c) "is to proscribe the use of the United States Postal Service to mail to a person a threat to injure that person or another person." *Willliams*, 376 F.3d at 1053. The absurd result discussed in *Williams* was far more narrow—using an official title instead of a name when targeting a natural person. "Although the statute does not require that the addressee and the person whom the threat concerns be one and the same, it clearly envisions that the addressee be a 'person' that can be injured." *Havelock*, 664 F.3d at 1291. Thus, the plain meaning of the statute and the greater weight

9

of legal authority lead to the conclusion that the word person in the phrase "addressed to any other person" means a natural person.

### C. The Indictment Only Alleges That The Letters Were Addressed To Corporations Which Are Not Natural Persons.

In the very first sentence of their Response, the government alleges that Counts 5, 6, and 7 of the Indictment (ECF No. 13) charge Mr. Payne with "sending letters to the legal departments of three insurance companies." Response at p. 1. However, that is not what the indictment says at all. Counts 5, 6, and 7 only state that the letters were addressed to three unnamed insurance companies. Mr. Payne's Motion is brought under Fed. R. Crim. P. 12(b)(3)(B)(v), which analyzes the sufficiency of the indictment without consideration of outside evidence. *Todd*, 446 F.3d at 1067. Counts 5, 6, and 7 state that:

> On or about April 2, 2025, in the State and District of Colorado, the defendant, CARL HOWARD PAYNE, did knowingly deposit in a post office or authorized depository for mail matter, to be sent or delivered by the Postal Service, or knowingly caused to be delivered by the Postal Service according to the direction thereon, a communication, containing a threat to injure the person of another, namely members of the Cabinet of the United States and owners, drivers and occupants of Tesla vehicles, addressed to Insurance Company [1, 2, 3].

Doc. No. 13 at p. 2-3.

The government argues that the three letters were addressed to natural persons because "ATTN: Legal Department" was included in the header to each letter. But this argument goes beyond the text of the indictment and is improper. The government does not cite to

10

the language in the indictment in support of this argument nor could they. Because the indictment only states that the three letters were addressed to an "Insurance Company," the indictment is deficient because the letters were not addressed to a natural person.

But even if the Court were to consider evidence outside of the indictment's text, the three letters at issue in Counts 5, 6, and 7 were not addressed to natural persons. In *Williams*, the court held that it is proper to consider both the envelope and the salutation of a letter to determine whether a communication is "addressed to any other person." *Williams*, 376 F.3d at 1053. Here, on each envelope sent to an insurance company, there was a business address with "ATTN: Legal Department" underneath. The "ATTN: Legal Department" is a delivery instruction oriented to the department of a business and not a specific person or title of a role.[3] The salutation in each letter says: "Dear American Business." Thus, even if the Court were to look at the envelope and the salutation, the letters were clearly addressed to a corporation and not a natural person.

## CONCLUSION

The indictment for Counts 5, 6, and 7 only alleges that threatening communications were addressed to unnamed insurance companies. For the reasons stated above, because it is an essential element of 18 U.S.C. § 876(c) that any threatening communication be addressed to a natural person and not a corporation, the indictment fails to state an offense and must be dismissed pursuant to Fed. R. Crim. P. 12 (b)(3)(B)(v).

---

[3] This analysis might be different, for example, if the envelope or the letters were addressed "Attn: Chief Legal Officer."

11

Respectfully submitted this 16th day of January, 2026.

s/ Luke W. McConnell
***Luke W. McConnell, #40414***
Weatherly McConnell, LLC
1775 Sherman Street, Suite 1650
Denver, CO 80203
(303) 468-5989
luke@weatherlymcconnell.com

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on the 16th day of January, 2026, a true and correct copy of the foregoing **PLAINTIFF'S <u>REPLY</u> IN SUPPORT OF HIS MOTION TO DISMISS COUNTS FIVE, SIX, AND SEVEN FOR FAILURE TO STATE AN OFFENSE** was filed electronically with the Clerk of the Court using the CM/ECF system which will send notification to the following email addresses:

Jasand P. Mock
Dustin T. Andre-Vandenberg
Assistant U.S. Attorneys
1801 California St., Suite 1600
Denver, CO 80202
Tel: (303) 454-0100
Fax: (303) 454-0404
Jasand.mock@usdoj.gov
Dustin.Andre-Vandenberg@usdoj.gov

Attorneys for Government

                                                    <u>/s/ Luke W. McConnell</u>
                                                    Luke W. McConnell